Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242
(214) 767-8967 x 247

Elizabeth A. Ziegler,
for the United States Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO:   08-42065-rfn-11 |
| **Vernon Apartments, Ltd.** | § | |
| **dba The Arbors,** | § | Hearing date: May 6, 2010 |
| | § | 1:30 p.m. |
| **Debtor-in-Possession** | § | |

### United States Trustee's Motion to Dismiss or Convert under 11 U.S.C. §1112(b)(1)

TO THE HONORABLE RUSSELL F. NELMS,
UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 moves to dismiss this case or, in the alternative, to convert this case to Chapter 7 under 11 U.S.C. §1112(b). The United States Trustee would show:

**Summary**

The Debtor has benefited from bankruptcy protection for nearly two years without taking substantial steps toward confirmation. The Debtor has failed to comply with the terms of an agreed order conditioning a previous motion to dismiss and with its administrative obligations as a Debtor-in-Possession. These facts illustrate this Debtor's inability to proposed and fund a plan of reorganization. As such, cause exists to dismiss or convert this case.

## Jurisdiction

This Court has subject matter jurisdiction under 28 U.S.C. sec. 1334, 28 U.S.C. sec. 157(a), and the standing order of reference. A motion to dismiss or convert is a core matter. 28 U.S.C. § 157(b)(2)(A),(O).

## Factual and Procedural History

1. The Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code on May 5, 2008. No trustee has been appointed.

2. The Debtor is an apartment complex located in Vernon, Texas. There are sixty units. At the time of the May 2008, bankruptcy filing, the Debtor has an occupancy rate of approximately 85%. USDA Rural Development's liens secure the property. Due to the Debtor's rural location, it receives subsidy checks from USDA as part of its designation as section 8 housing.

3. The Debtor appears to be operated on a for-profit basis.

4. The Debtor filed for bankruptcy in order to stop foreclosure on the property by the USDA for the Debtor's failure to comply with the USDA's requirement the Debtor use an approved management agency.

5. The Debtor's assets consist of the real property valued at $1,400,000.00, and five bank accounts containing a total of $86,210.16, limited office furniture and tax credits with an unknown value. [Schedules A and B].

6. Proofs of claim filed in the case total $954,784.07. The Debtor schedules $1,017,449.24 in total debt: $953,011.81 in secured debt, $0 in unsecured priority debt, and $64,437.43 in general unsecured debt. [Schedules D, E and F respectively]

7. Exclusivity expired on September 2, 2008.

8. In a report filed February 17, 2009, the Debtor stated that it was refinancing the property and would need until June 1, 2009 to file a plan of reorganization. [Docket entry #37, ¶6]

9. On April 6, 2009, the United States Trustee filed his motion to dismiss this case citing the Debtor's (1) unreasonable delay in obtaining confirmation by failing to file a plan of reorganization and disclosure statement, and (2) failure to comply with administrative requirements, as cause for dismissal or conversion. [docket no. 41]

10. On May 13, 2009, the court entered an Agreed Order Setting Deadlines [docket no. 49] in which the Debtor agreed to each of the following:

   a. file a Plan of Reorganization no later than May 18, 2009;

   b. obtain a hearing on confirmation 90 days after the date it files its plan, which – at the latest – would have been Monday, August 19, 2009; and

   c. remain current with its administrative obligations, including timely filing of monthly operating reports and payment of quarterly fees.

11. If the Debtor failed to meet any of these deadlines or administrative requirements, the United States Trustee was required to upload a notice of noncompliance ("Notice") with the Court.

12. On May 20, 2009, the Debtor filed its plan of reorganization. The Debtor failed to obtain a hearing on confirmation 90 days after the date it filed this plan, and no order extending the time to obtain a confirmation hearing was requested..

11. The Debtor has failed to file an accompanying disclosure statement and has not moved forward with confirmation of the May 20, 2009 plan.

12.     The Debtor has failed to provide any operating reports to the United States Trustee since September 2009.  *See United States Trustee Guidelines for Chapter 11 Debtors-in-Possession Region VI Northern District of Texas ("UST Guidelines")* "Operating Reports"; *see also* Local Bankruptcy Rule 9059.1.[1]

13.     The Debtor has failed to provide proof of current liability insurance to the United States Trustee, after its policy expired in September 2008. *See UST Guidelines* "Insurance Requirements" ¶ C.

14.     The Debtor has paid estimated United States Trustee quarterly fees pursuant to 28 U.S.C. § 1930 for the fourth quarter of 2009.  However, as no operating reports have been filed since September 2009, additional fees may be owed.

**Legal Analysis**

General discussion of burdens when dismissal or conversion is sought:

15.     Under section 1112(b), the Court "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1).

16.     If cause is established, the burden shifts to the Debtor to prove that he falls within the § 1112(b)(2) "unusual circumstances" exception to § 1112(b)(1)'s mandatory conversion. *Id*. at § 1112(b)(2).  The Legislative History explains that the exception applies only if: "(1) the debtor or a party in interest objects and establishes that there is a reasonable likelihood that a plan will be confirmed within the time periods set forth in section 1121(e) and 1129(e), or if these

---

1 L.B.R. 9059.1 provides:
**Guidelines for the Administration of Chapter 11 Cases.** The United States trustee may from time to time publish and file with the clerk guidelines on matters such as insurance, operating reports, bank accounts and money of estates and other subjects pertaining to the administration of chapter 11 cases.  Failure to comply with the requirements of these

UNITED STATES TRUSTEE'S MOTION
TO CONVERT . . . - Page 4 of 8

provisions are inapplicable, within a reasonable period of time; (2) the grounds for granting such relief include an act or omission of the debtor for which there exists a reasonable justification for such act or omission; and (3) such act or omission will be cured within a reasonable period of time." H.R. Rep. No. 109-31(1) at 94 (April 8, 2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 2005 WL 832198, *reprinted in, In re Gateway Access Solutions, Inc*., 374 B.R. 556, 561 (Bankr. M.D. Pa. 2007).

17.     Under the facts of this case, the United States Trustee contends that failure to comply with a court order, failure to comply with administrative requirements, and failure to maintain insurance establishes cause to convert or dismiss the case.

Failure to comply with an order of the court

18.     "Cause" includes "Failure to comply with an order of the court" 11 U.S.C. § 1112(b)(4)(E).

19.     The Debtor has failed to comply with the terms of the *Agreed Order Setting Deadlines*, which constitutes cause for dismissal.  The Debtor has not remained current with its administrative obligations such as filing its operating reports and providing proof of current insurance.  In addition, the Debtor has not obtained a hearing on confirmation within 90 days of filing its plan of reorganization, and has not moved forward with confirmation.  If the Debtor cannot comply with the terms of an agreed order while in bankruptcy, it is not likely in the event a plan is even confirmed, that the Debtor would be able to comply with the terms of the plan.  Even if the Debtor can cure the defaults described above, the United States Trustee does not have confidence in its ability to propose, confirm and abide by the terms of a plan of

---

guidelines may constitute cause justifying the dismissal or conversion of the case pursuant to 11 U.S.C. § 1112(b).

reorganization. As the Debtor has failed to comply with the terms of order of the court, cause exists to dismiss or convert this case.

Failure to comply with Administrative Requirements

20. Cause also includes the "unexcused failure to satisfy timely any filing or reporting requirements established by this title" and "failure to timely provide information ... reasonably requested by the United States Trustee." 11 U.S.C. §1112(b)(4)(F) and (H). Under §§1106(a)(1) and 704(a)(8), and the UST Guidelines, a debtor-in-possession is required to submit monthly operating reports to the United States Trustee.

21. The Debtor's pattern of conduct indicates it will be unable to successfully reorganize as it is unable to comply with basic administrative requirements, including information requested by the United States Trustee, which is cause for dismissal. The Debtor has not filed an operating report for the past five months. This is the same factual scenario that caused the United States Trustee to move for dismissal nearly a year ago. By failing to provide this information, no interested party will be able to evaluate their current financial situation and feasibility of reorganization. In addition, by failing to comply with basic administrative requirements such as filing operating reports, providing evidence of current insurance policies and paying quarterly fees, the Debtor has illustrated that is will be unable to conform to the terms of a plan of reorganization, if one is filed in this case. Moreover, a debtor is required to provide this information to the United States Trustee under the UST Guidelines. Failure to provide this information is also cause for dismissal.

Failure to maintain insurance

22. "Cause" includes "failure to maintain appropriate insurance that poses a risk to the estate

or to the public." 11 U.S.C. § 1112(b)(4)(C); *see also* 11 U.S.C. §1112(b)(4)(H) (cause includes failing to provide information to the United States Trustee) and *United States Trustee Manual*, 3-3.2.3 (requiring "adequate" insurance "given the circumstances of the case" and specifically itemizing malpractice insurance),

http://www.usdoj.gov/ust/eo/ust_org/ustp_manual/volume3/vol3ch03.htm#3-3.2.3.

23. Although the Debtor had insurance on the property, it has failed to provide evidence it is currently insured. As the Debtor is an apartment complex, with residents and their guests constantly using the property, it is important for it to be current with its insurance policies in order to protect the estate from any potential lawsuits stemming from its failure to properly maintain the property during the pendency of the bankruptcy case. In failing to provide current evidence of insurance to the United States Trustee, coupled with its failure to remain current with its administrative obligations, there is the concern that the Debtor has forgone paying its insurance premiums and if so, cause exists to dismiss or convert this case.

<u>Dismissal is the creditors' best interest.</u>

24. Under 11 U.S.C. § 1112(b), the Court determines whether dismissal or conversion is in "the best interest of creditors." 11 U.S.C. §1112(b). Under the facts of this case, dismissal is in the best interest of creditors as the Debtor is an operating apartment complex whose largest creditor is the secured lender. Dismissal will allow this creditor to commence foreclosure proceedings outside of bankruptcy.

25. If the Court determines that neither dismissal nor conversion is required, then cause exists to shorten exclusivity and establish confirmation deadlines. 11 U.S.C. §§ 105(d)(2)(B); 1121(d).

## Conclusion

Wherefore, the United States trustee respectfully requests that the Court issue a judgment or final order that:

    A.    Grants the United States Trustee's request that this case be:

        1.    Dismissed; or

        2.    Converted; or

        3.    Subject to confirmation deadlines;

    B.    Requires payment of the United States trustee's quarterly fees through the date of dismissal or conversion; and

    C.    Grants further proper relief.

Dated: March 18, 2010

Respectfully Submitted,
WILLIAM T. NEARY
UNITED STATES TRUSTEE

/s/ Elizabeth A. Ziegler
Elizabeth A. Ziegler
Licensed by the State Bar of New York
Office of the United States Trustee
1100 Commerce St.  Room 976
Dallas, Texas  75242
elizabeth.ziegler@usdoj.gov
(214) 767-8967 x 247

## Certificate of Conference

Pursuant to Local Rule 7.1, on March 18, 2010, I spoke with Julie John, attorney for the Debtor.  The Debtor opposes the motion.

/s/ Elizabeth A. Ziegler
Elizabeth A. Ziegler

Certificate of Service

I certify that I sent copies of the foregoing document on March 18, 2010 to the following and the attached service list via ECF or U.S. Mail:

**Vernon Apartments, Ltd.**
Attn: Malcolm Fleet
4436 Cumberland Road North
Fort Worth, TX 76116

**Julie C. John**
Forshey & Prostok, LLP
777 Main St., Suite 1290
Ft. Worth, TX 76102

**Howard A. Borg**
801 Cherry St., Suite 1700, Unit 4
Ft. Worth, TX 76102-6882

**Peter Michael Reed**
McCreary, Veselka, Bragg & Allen, PC
P.O. Box 1269
Round Rock, TX 78680

**Robert E. Black**
Law Office of Robert E. Black
500 W. 16th Street, Suite 120
Austin, TX 78701

/s/ Elizabeth A. Ziegler
Elizabeth A. Ziegler